UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA RUTH HOWE,

Plaintiff,

Civil No. 26-cv-13154
Hon. Matthew F. Leitman

v.

JULIE THOMSEN, *et al.*,

Defendants.
_________________________________________________________________________/

**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS AND DISMISSING CLAIMS WITHOUT PREJUDICE**

In this action, Plaintiff Pamela Ruth Howe alleges that the Defendants – her sister, brother-in-law, and businesses that her sister and brother-in-law have founded – have engaged in a "multi-year scheme" to "unlawfully obtain control over the financial affairs, retirement accounts, investment assets, bank accounts, credit cards, real property, and estate-planning instruments of her parents … and thereafter embezzle" assets for Defendants' own benefit. (Compl. at ¶ 3, ECF No. 1, PageID.7.) Howe brings 13 claims against the Defendants: a single federal claim under the Racketeer Influenced and Corrupt Organizations Act and twelve state law claims, including claims for conversion, statutory conversion, undue influence, violations of the Michigan Uniform Voidable Transactions Act, and tortious interference. (*See generally, id.*) Because both Howe and several of the Defendants are Michigan

citizens (*see id.* at ¶¶ 11-13, PageID.11-12), Howe asks the Court to assert supplemental jurisdiction over her state-law claims. (*See id.* at ¶ 18, PageID.15.) The Court declines to do so.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). A district court "may decline to exercise supplemental jurisdiction over a claim" if, among other things, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(1)-(2). Here, the Court concludes that Howe's state-law claims substantially predominate. The overwhelming majority of Howe's claims (12) are brought under state law, while only one claim is based on federal law. Under these circumstances, it is appropriate to decline supplemental jurisdiction over those claims.

For these reasons, the Court **DECLINES** to exercise supplemental jurisdiction over Counts II – XIII of Howe's Complaint. Those claims are **DISMISSED WITHOUT PREJUDICE** and may be re-filed in state court. The only claim that remains in this federal action is Howe's claim in Count I that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 2, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126