UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA RUTH HOWE,

Plaintiff,

Civil No. 26-cv-13154
Hon. Matthew F. Leitman

v.

JULIE THOMSEN, *et al.*,

Defendants.

_______________________________________/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION (ECF Nos. 3, 4)**

In this action, Plaintiff Pamela Ruth Howe alleges that the Defendants – her sister, brother-in-law, and businesses that her sister and brother-in-law have founded – have engaged in a "multi-year scheme" to "unlawfully obtain control over the financial affairs, retirement accounts, investment assets, bank accounts, credit cards, real property, and estate-planning instruments of her parents … and thereafter embezzle" assets for Defendants' own benefit. (Compl. at ¶ 3, ECF No. 1, PageID.7.) Howe initially brought 13 claims against the Defendants: a single federal claim under the Racketeer Influenced and Corrupt Organizations Act and twelve state law claims, including claims for conversion, statutory conversion, undue influence, violations of the Michigan Uniform Voidable Transactions Act, and tortious interference. (*See generally, id.*) Because both Howe and several of the Defendants

are Michigan citizens (*see id.* at ¶¶ 11-13, PageID.11-12), Howe asked the Court to assert supplemental jurisdiction over her state-law claims. (*See id.* at ¶ 18, PageID.15.) On September 2, 2026, the Court issued an order declining to do so, and it dismissed Howe's state-law claims without prejudice so that they could be re-filed in state court. (*See* Order, ECF No. 6.) Thus, the only claim that remains in this federal action is Howe's claim in Count I that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act.

Howe has also filed two motions for a preliminary injunction. (*See* Mots., ECF Nos. 3, 4.) In both motions, Howe says that she is entitled to an injunction because she has a strong likelihood of success on her state-law claims. (*See*, *e.g.* Mot., ECF No. 3, PageID.374: "Plaintiff is likely to prevail on [her] conversion, unjust enrichment, and constructive trust claims"; ECF No. 4, PageID.417: "Plaintiff is likely to succeed on [her] conversion [claim] under Mich. Comp. Laws § 600.2919a and on equitable tracing".) But those claims have now been dismissed. Thus, Howe seeks injunctive relief on claims that are no longer before the Court. On that basis, the Court **DENIES** her motions for preliminary injunction. To the extent that Howe believes that she is entitled to injunctive relief on her state-law claims, the proper forum for such a motion is state court. Howe should seek relief in that venue.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 2, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126